UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO EASTERN
DISTRICT

DANIEL MYRICE,
    Plaintiff

v.                              Case No. 21-    -CD
                              HON.

PISTON AUTOMOTIVE , LLC., a
Michigan Corporation, LIBBI
ROBEL, Jointly and Severally
            Defendants.
                                                      /

**GREGORY J. ROHL 39185**
**Attorney for Plaintiff**
**41850 W. 11 Mile Road, Ste. 110**
**Novi, Michigan 48375**
**248-380-9404**
**grohl@yahoo.com**

                                                        /

## PLAINTIFF'S COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of other civil action, not between these parties , arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## I. BASIC JURISDICTION

This Court has jurisdiction per 28 USC 1331, 1441, diversity of parties and a Federal claim/act plead.

Plaintiff, DANIEL MYRICE, by and through his attorney, Gregory J. Rohl, submits his Complaint as follows:

## II. PARTIES TO THIS COMPLAINT AND STATEMENT OF CLAIM

1. Plaintiff, a resident of Ohio, was at all times an Operations Manager employed with the defendant, Piston Automotive, LLC. Plaintiff began employment with defendants 12/2/19, in Toledo, Ohio, supervised by decision maker, defendant, Libbi Robel-Plant Manager; Plaintiff was on first shift. Plaintiff was working 14-16 hour days.

2. Defendants were Plaintiff's employers, each, jointly and severally; defendant Piston is a Michigan corporation, doing business in Ohio; Defendant, Robel was at all times Plaintiff's supervisor, with control of all aspects of Plaintiff's job conditions, and a decision maker, and actually terminated Plaintiff and violated the law as set forth below. Plaintiff worked at defendants' Toledo operation.

3. The amount in controversy exceeds $75,000, exclusive of costs, interest and attorney fees, and exclusive of possible double, treble and/or punitive damages available.

4. Defendants are jointly and severally liable/responsible, and through respondent superior, conspiracy to act, vicariously for each other's acts, and acted intentionally, wanton and willfully in their acts described below.

5. Plaintiff was on day shift August 31, 2020 when he suffered a work related medical condition, stress and heart failure, and sequela, and was taken from his place of work by Quality Manager, Don Hatcher to Urgent Care. Plaintiff sought medical care, treatment, attention due to this work related medical condition, and confirmed by objective tests, and he was hospitalized, and required time off, additional medical care and attention, and accommodation on return.

6. Plaintiff had been at work suffering extreme fatigue, dizziness, chest pains, that resulted in four (4) falls in the previous weeks resulting in other injuries. Plaintiff's treating physician took him off work for five (5) weeks due to these work related medical disabling conditions, and made specific written requests for accommodations, to return to work. Plaintiff could perform all essential functions of his job if properly accommodated by defendants.

7. Plaintiff returned to work October 5, 2020, and presented a doctor's note seeking reasonable accommodations, but they were denied by defendants. Thereafter, defendants retaliated against Plaintiff for his work related injury/condition, and violated the state's disability act, and FMLA, and harassed Plaintiff, issued false poor performance review, placed him on a bogus PIP, and illegally fired Plaintiff. Plaintiff was denied accommodation, and he was placed on a split-shift and set up to fail. Plaintiff was terminated November 12, 2020. He lost a promotion due him to Director of Operations.

8. As a direct and proximate result, Plaintiff lost employment, wages, benefits, mental and emotional health, career loss, ability to obtain promotions due, and bonuses, all past, present and future. Plaintiff was harassed and intimidated as a result as well.

9. All defendants work and conduct business in Toledo, Ohio; Northern District of Ohio, at all times relevant hereto for Plaintiff's employ. Defendant, Piston Automotive, LLC is a Michigan company doing business in Ohio. Throughout Defendants, Piston Automotive, LLC. and Libbi Robel, were Plaintiff's employers/plant manager from 12/2/19 to 11/12/20; the Defendants' acts were illegal, willful, wanton, intentional, statutory violations.

4

10. The individual Defendant, was a high level supervisor and decision maker over Plaintiff during his employ at Piston Automotive, LLC, and delegated all daily duties and controlled his terms and conditions of employ throughout.

11. Plaintiff is entitled to double, treble, liquidated, actual damages, and costs, attorney fees, and statutory sanctions and punitive damages.

His employ was terminated and due to retaliation, also violating 29 USC Section 201-209. Ohio law also forbids such retaliation.

## III. COUNT I- RETALIATION FOR WORKERS COMPENSATION CLAIM AND/OR SEEKING RIGHTS UNDER THE OHIO ACT

12. Defendants violated Ohio RC Sec. 4123.90 et seq.

13. Plaintiff sustained an injury or medical condition on the job, which led to and required medical care, and treatment and recovery, at time of injury/event and thereafter, continuing.

14. Plaintiff attempted to pursue all rights due and available for this work related injury/condition.

15. The above adverse actions were as a result of Plaintiff pursuing rights under the act, including seeking care and leave, and the need for medical attention.

5

16. Defendants had no legitimate reasons for their detrimental, intentional actions, all in retaliation-his changed work hours, shift, duties, responsibilities; also, failure to promote or allow other jobs or shifts, and ultimately retaliatory termination, all proximately caused by defendants illegal actions.

17. Plaintiff is entitled to all compensatory and punitive damages, costs and attorney fees allowed by law. Plaintiff's pay, benefits, hours, duties, assignments (through actions and threats and intimidation) were all detrimentally effected by defendants joint, several and conspirator actions.

## IV. COUNT II-DISCRIMINATION, HARASSMENT, TERMINATION WRONGLY DUE TO PLAINTIFF'S DISABILITY

18. Plaintiff's acts, listed above, as well violated Ohio 4112.99, 4112.051, 4112.052, 4112.14, et seq. in discrimination, harassment, failure to promote, termination and failure/refusal to accommodate due to Plaintiff's disability, condition, need for accommodation, and refusal of same.

19. Defendants' actions proximately caused the damages itemized above, and Plaintiff seeks all under this cause as well.

## V. COUNT III-FMLA VIOLATIONS

20. Plaintiff sought intermittent leave but was denied same prior to his termination, and Plaintiff was terminated deliberately to deny him rights under the act, 29 USC 3601 et seq. as well. Plaintiff was intentionally fired so no rights under the act could incur.

21. In failing to promote Plaintiff, and in failing at accurate performance reviews, defendants violated Plaintiff's rights under the act.

22. In failing to restore Plaintiff to his previous position, or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, defendants violated Plaintiff's rights under the FMLA, 29 USC 2601 et seq.

23. As a direct and proximate result of defendants' actions, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

## IV. RELIEF

24. Plaintiff requests judgment against defendants as follows:

a. Legal Relief

-Compensatory damages in whatever amount he is found to be entitled.

-Liquidated damages in whatever amount he is found to be entitled.

-An award of interests, costs and reasonable attorney fees and expert witness fees.

b. Equitable Relief

-An order reinstating Plaintiff to an appropriate position with defendants.

-An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation.

-Whatever other equitable relief appears appropriate at the time of final judgment.

-seeks all damages set forth above, and allowed per the FLSA and OMFWSA, as well as liquidated, double, treble damages and costs, interest and attorney fees.

## V. CERTIFICATION AND CLOSING

25. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: February 4, 2021

_____
GREGORY J. ROHL P39185
Attorney for Plaintiff

## JURY DEMAND

Plaintiff, DANIEL MYRICE, by and through his attorney, Gregory J. Rohl, here by demands a trial by jury.

Respectfully submitted,

_____
Gregory J. Rohl
Attorney for Plaintiff
41850 W. 11 Mile Road, Ste. 110
Novi, Michigan 48375
248-380-9404
grohl@yahoo.com

Dated: February 4, 2021

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause on **February 4, 2021** by:

☐ U.S. Mail      ☐ Fax
☐ Certified Mail      ☐ Regular Mail
☒ Efiling and Eservice      ☐ Hand Delivery

_/s/ Amanda Perkins_
AMANDA PERKINS